UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

SHAIFAH SALAHUDDIN,

               Plaintiff,

               v.

RIVERDALE AVENUE PROPERTIES, LLC,
BARRY BASRA SINGER, DANIEL CALLER,
SHARP MANAGEMENT, LLC, ROSARIO
RUIZ, LIBERTY PLACE PROPERTY
MANAGEMENT LLC, PAUL SALILO,
CASTELLAN REAL ESTATE PARTNERS, LLC,
RICK SERRAPICA, CRP 482 RIVERDALE
AVENUE, JANET DIFIORE, NYS UNIFIED
COURT SYSTEM, RUTH ANNE VISNAUKAS
and NYSHCR/DHCR,

               Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-6730 (MKB)

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Shaifah Salahuddin, appearing *pro se*, commenced the above-captioned action, asserting claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 704 *et seq.* (the "Rehabilitation Act"), and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"). (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purpose of this Memorandum and Order.

      For the reasons set forth below, the Court dismisses the Complaint for lack of subject matter jurisdiction and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

## I. Background

The handwritten portions of the Complaint are difficult to decipher, but Plaintiff appears to challenge "legal proceedings in housing court" that resulted in Plaintiff's eviction, and alleges, *inter alia*, that Defendants and other entities and individuals issued false documents, harassed and intimidated Plaintiff, and violated her requests for accommodations. (Compl. 5–6, 10–12).[1] Plaintiff attaches to the Complaint a notice of eviction and other documents related to the state court action filed by Riverdale Avenue Properties, LLC against Plaintiff in the Civil Court of the City of New York, County of Kings, Housing Part ("Kings County Housing Court") under Index No. LT-089318-17/KI. (*Id.* at 14–16, 66–70, 75–82, 88.) In addition, Plaintiff includes copies of the housing discrimination complaint she filed against Defendants with the United States Department of Housing and Urban Development, (*id.* at 40–47), as well as the disability discrimination complaints she filed against the Kings County Housing Court and the New York State Division of Housing and Community Renewal with the Disability Rights Division of the United States Department of Justice, Civil Rights Division, (*id.* at 48–57, 84–86, 91–98). Plaintiff's allegations include, for example, that the Kings County Housing Court failed to accommodate her requests for adjournments that she needed in light of her disability. (*Id.* at 51.)

Plaintiff further alleges that she suffers from "anxiety, stress, [and] depression from dealing with the corruption," and is now living in a shelter. (*Id.* at 12.) As relief, Plaintiff requests that "[a]ll negative/adverse decisions against [her] . . . be vacated, set aside, overturned, [and] reverse[d] on good cause [and] excusable default," and that the Court "restore what was illegally taken from [her], including [her] apartment. (*Id.*) In addition, Plaintiff seeks a

---

[1] Because the pages of the Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

"mandate that NYSHCR/DHCR conduct reconsiderations [and that] an ADA coordinator be assigned to the Appellate Term. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action

under [Rule 12(b)(1) of the Federal Rules of Civil Procedure] for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

      **b.   The *Rooker-Feldman* doctrine bars Plaintiff's claim challenging her state court eviction**

Because Plaintiff seeks to challenge "legal proceedings in housing court" that resulted in her eviction, her claim is barred by the *Rooker-Feldman* doctrine.

In *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415–16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision. *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker*, 263 U.S. at 416 (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (holding that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." (citing *Exxon Mobil Corp.*, 544 U.S. at 284)); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim," and applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

4

district court proceedings commenced and inviting district court review of those judgments." (citations and internal quotation marks omitted)). "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *accord Vossbrinck*, 773 F.3d at 426 ("The doctrine is rooted in the principle that appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme Court." (alteration, citation, and internal quotation marks omitted)).

In order for the *Rooker-Feldman* doctrine to apply, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018) (citing *Hoblock*, 422 F.3d at 85); *see also Vossbrinck*, 773 F.3d at 426 (outlining the *Rooker-Feldman* test); *McKithen*, 626 F.3d at 154 (same).

Plaintiff challenges the eviction proceedings against her in Kings County Housing Court. (*See* Compl. 14–16, 66–70, 75–82, 88.) Accordingly, Plaintiff's eviction claims are barred by the *Rooker-Feldman* doctrine because: (1) Plaintiff lost in a state court eviction proceeding; (2) Plaintiff's alleged injuries stem directly from the state court's judgment; (3) Plaintiff's federal Complaint invites review of the state court judgment; and (4) Plaintiff filed this action after the adverse state court judgment had been rendered. Because Plaintiff's injuries stem from the adverse state court eviction judgment, review of that judgment is precluded under *Rooker-*

*Feldman*. *See, e.g.*, *Morris v. Rosen*, 577 F. App'x 41 (2d Cir. 2014) (affirming dismissal of eviction challenge filed in federal court pursuant to the *Rooker-Feldman* doctrine).

    c. **Plaintiff's other allegations are unclear**

Although the Court has tried to read Plaintiff's other allegations, Plaintiff's handwritten allegations are challenging to decipher.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted); *see also Dettelis v. Sharbaugh*, 919 F.3d 161, 168 (2d Cir. 2019) (quoting same).

    d. **Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff should use blank or ruled pages to clearly state her allegations rather than try to fit her allegations within the form

6

complaint. Plaintiff's amended complaint must identify the defendants in both the caption and the body of the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if Plaintiff does not know the name of the individuals involved, she may identify them as John or Jane Doe, along with descriptive information and place of employment. Plaintiff must include any and all allegations that she wishes to pursue in her amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint for lack of subject matter jurisdiction and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 16, 2020
      Brooklyn, New York

                              SO ORDERED:

                                      s/ MKB
                              MARGO K. BRODIE
                              United States District Judge